**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN VOUA LEE, | No. 2:15-CV-2467-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 12) and defendant's cross-motion for summary judgment (Doc. 15).

/ / /

/ / /

/ / /

## I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on May 30, 2008.  In the application, plaintiff claimed that disability began on March 15, 2008.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on July 7, 2010, before Administrative Law Judge ("ALJ") T. Patrick Hannon.   In a September 9, 2010, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

        1.    The claimant has the following severe impairment(s): Gout, high blood pressure, high cholesterol, and post-traumatic stress disorder (PTSD);

        2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

        3.    The claimant has the following residual functional capacity: the claimant can perform sedentary work; plaintiff has moderate difficulty in understanding and carrying out complex instructions but has no difficulty in carrying out simple and repetitive tasks consistent with unskilled work; and

        4.    Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

The Appeals Council declined review on August 26, 2011, and plaintiff sought judicial review.

In Lee v. Astrue, 1:11-CV-1789-GSA, the court reversed and remanded for further proceedings.  A second hearing has held before the ALJ Danny Pittman on December 3, 2013.  At the hearing, plaintiff amended the alleged onset date to January 1, 2010.  In a February 10, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

        1.    The claimant has the following severe impairment(s): Gout, rheumatoid arthritis, and depressive disorder;

        2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

/ / /

3. The claimant has the following residual functional capacity: the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour day, and sit for 6 hours in an 8-hour day; he can occasionally balance, stoop, kneel, crouch, crawl, and climb, and frequently handle, finger, and feel; he would be limited to simple routine tasks; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined further review on September 25, 2015, this second action followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues the ALJ failed to properly evaluate the opinions of examining physician Dr. Parayno, non-examining state agency reviewing physician Dr. S. Khan, and treating physician Dr. Apai Polyudhapoom.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a

4

finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

      1.    Dr. Parayno

As to Dr. Parayno, the ALJ stated:

> Dr. Parayno opined in December 2013 [Exhibit 20F] that it was apparent to him that the claimant had both mental and medical disabilities that impaired his ability to engage in any substantial gainful activity. . . .  I give limited weight because this opinion. . . concerns an issue reserved to the Commissioner and is not an opinion as to the nature and severity of the claimant's impairment. . . .

According to plaintiff, the ALJ erred in rejecting Dr. Parayno's statements regarding ability to engage in gainful employment, ability to engage in activities of daily living, and deficits in memory and concentration.

A review of Dr. Parayno's December 2, 2013, report reflects the following "discussion" offered by the doctor:

> We have a 44 year old Hmong married male who suffers from Major Depressive Disorder, recurrent, severe without psychotic features and Post-traumatic Stress Disorder, chronic.  He also suffers from several medical problems and on one occasion he was treated overnight at the Emergency Room. . . .  The significant findings on mental status examination are disorientation to time, place, and situation, impairment of his recent, remote, and current memory, concentration and attention as indicated by his inability to perform the forward digit span and serial sevens test, inability to remember the date of births of his 5 children which meant impaired remote memory and inability to recall 5 items after 3 minutes.  He exhibited a disorientation to time, place, and situation.  He also showed poor social judgment on the envelope with the stamp and address on it test.  He definitely had poor knowledge of U.S. History &

> Civics and poor or impaired proficiency in basic English.  In summary, it is apparent [he] has both mental and medical disability that impairs his ability to engage in any substantial gainful activity.  He definitely has restricted activities of daily living and constriction of his social life.  His family including his wife and children perform the daily activities of daily living such as cooking, housekeeping, grocery shopping, and laundry.  He does not like to visit friends and relatives or go to socials and prefers to stay in the bedroom or go to the living room sometimes and watch television avoiding war movies or scenes that depict gunfights because it triggers nightmares and flashbacks when he goes to bed at night.

Out of this entire "discussion" – which is more a recitation of test results and plaintiff's own subjective report – the only opinion present is Dr. Parayno's statement that plaintiff has a disability precluding substantial gainful activity.  As the ALJ correctly observed, such a judgment is reserved for the Commissioner.  See 20 C.F.R. § 404.1527(d)(1); McLeod v. Astrue, 640 F.3d 881 (9th Cir. 2011).

      2.    Dr. Khan

As to Dr. Khan, the ALJ stated:

> The State Agency medical consultant [Dr. Khan] opined that the claimant would be able to understand and remember simple instructions, sustain attention and concentration for two-hour periods, to complete a regular workday at an acceptable pace and attendance schedule, interact adequately in casual setting, and respond appropriately to constructive instructions, and respond to simple and infrequent changes in routine.  They also recommended non-public work setting with exposure to others that was not too intense and/or prolonged (Exhibits 4F; 6F).  I give some weight to the State Agency opinion, but give little weight to social interaction as it was [not] well supported and consistent with the record as a whole.

Plaintiff notes that Dr. Khan opined that he "can sustain simple repetitive one-two step tasks" and argues:

> In this case, the ALJ stated that he gave "some weight" to Dr. Khan's opinions, but gave "little weight" to social interaction. . . .  AR 302.  To begin with, it is unclear what "some weight" means.  It does not indicate whether the ALJ accepted or rejected the limitation to one-to-two step tasks.  In fact, it does not indicate whether the ALJ acknowledged the difference between a simple and repetitive tasks versus a limitation to one-to-two-step tasks.

/ / /

6

What is clear, however, is that the ALJ's ultimate finding of fact is that Kevin Lee is limited to simple, routine tasks. AR 298. Whether intended or not, this constitutes a rejection of Dr. Khan's opinion that Kevin Lee is limited to one-to-two-step tasks. And the ALJ failed to provide any explanation for rejecting this medical source statement offered by Dr. Khan, which is error under SSRs 96-6p and 96-8p.

Plaintiff also argues that the ALJ failed to articulate sufficient reasons supported by the record for giving little weight to Dr. Khan's opinion that he is limited with respect to social interaction.

The record contains two assessments by Dr. Khan, both completed on August 4, 2008. In a mental residual function capacity assessment form, Dr. Khan rated plaintiff as "not significantly limited" in the ability to understand, remember, and carry out "very short and simple instructions." In the same assessment form, Dr. Khan opined that plaintiff is "[a]ble to understand and remember simple instructions," though the doctor did not offer an additional statement on plaintiff's ability to carry out simple instructions. In a psychiatric review technique form, Dr. Khan stated:

> Allegations are credible. However extent alleged, intensity, persistence and functional limitations are not fully credible when reviewed with the totality of evidence in mind [¶] . . . Degree of alleged limitations exceeds objective findings.
>
> The claimant is partially credible with an MDI and overall considering the MSE and ADLs it appears that the claimant can sustain simple repetitive one-two step tasks with adequate pace and persistence, adapt and relate to coworkers and supervisors and deal with changes but would probably do better in a nonpublic setting with exposure/contact to others that is not too intense and/or prolonged.

Given this record, Dr. Khan clearly opined that plaintiff is capable of understanding, remembering, and carrying out simple tasks. The ALJ accepted this opinion and included it in his residual functional capacity finding. Dr. Khan's addition of the phrase "one-two" in the psychiatric review technique form does not appear to constitute the doctor's opinion of an additional limitation, particularly in the context of the doctor's overall impression that the [d]egree of alleged limitations exceeds objective findings."

///

As to limitations on social interaction, Dr. Khan assessed plaintiff is "not significantly limited" in his ability to work in coordination with or proximity to others without being distracted, as well as every other area of social interaction except plaintiff's ability to interact appropriately with the general public which Dr. Khan assessed as "moderately limited." Dr. Khan also stated that plaintiff would "probably do better" in a non-public setting with "exposure/contact to others" that is "not too intense and/or prolonged." This equivocal statement does not constitute a medical opinion. Again, the statement is offered in the context of Dr. Khan's assessment that the limitations alleged by plaintiff exceed the objective evidence. Additionally, while the statement suggests that plaintiff may "do better" with more limited social interaction, the statement does not indicate an opinion that plaintiff is incapable of the level of social interaction required for unskilled work, which primarily involves dealing with objects rather than people. See SSR 85-15; see also Hoopai v. Astrue, 499 F.3d 1075 (9th Cir. 2007).

        3.        <u>Dr. Polyudhapoom</u>

As to Dr. Polyudhapoom, the ALJ stated:

> In March 2013, Dr. Apai Polyudhapoom reported that the claimant could lift less than five pounds, sit for 30 minutes at one time and 30 minutes over an 8-hour period, and stand and walk for 30 minutes at one time and 30 minutes over an 8-hour period. He must lie down or elevate his legs for 10 minutes. He could reach and handle for 30 minutes each and never push and pull (Exhibits 10F; 19F). I give limited weight to such restrictive limitations as the medical evidence and Dr. Polyudhapoom's records do not support such restrictive limitations. Dr. Polyudhapoom apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints.

Plaintiff argues that these reasons are insufficient.

The court does not agree. In concluding that the doctor's opinion is only entitled to limited weight, the ALJ noted that the opinion is not supported by objective evidence. The record contains a three-page "questionnaire" completed by Dr. Polyudhapoom on March 21, 2013. When prompted to list objective findings, the doctor stated: "pain in knuckle of right

hand" and "tender of lumbar spine area."  Other than an unexplained reference to uric acid levels, Dr. Polyudhapoom listed no objective findings.  The ALJ properly rejected this doctor's conclusory and unsupported opinions.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 12) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 15) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 27, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE